UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MONTERIUS POLLARD, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | NO. 3:16-cv-00883 |
| | ) | CHIEF JUDGE CRENSHAW |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

I. Introduction

Pending before the Court are the Petitioner's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Doc. No. 1); an Amended Motion To Vacate, Set Aside, Or Correct Sentence In Accordance With 28 U.S.C. § 2255 (Doc. No. 7), filed by counsel for the Petitioner; and the Government's Response (Doc. No. 8). By Order entered July 18, 2016 (Doc. No. 9), now–retired Judge John T. Nixon dismissed the Petitioner's claim regarding the constitutionality of 18 U.S.C. § 924(c)(3)(B), and stayed the Petitioner's claim regarding the sentence enhancement under Sentencing Guideline § 4B1.2 pending resolution of Beckles v. United States, 136 S. Ct. 2510 (2016). The case was subsequently randomly reassigned to the undersigned Judge.

On March 6, 2017, the Supreme Court issued its decision in Beckles v. United States, ___ U.S. ___, 137 S. Ct. 886, 891, 197 L. Ed. 2d 145 (2017). The Petitioner's remaining claim is now ripe for decision. For the reasons set forth herein, the Petitioner's Motions (Doc. Nos. 1, 7) are

DENIED, and this action is DISMISSED.[1]

## II. Procedural and Factual Background

In the underlying criminal case, the Petitioner pled guilty, before Judge Nixon, to participating in a conspiracy to commit Hobbs Act robbery and extortion, in violation of 18 U.S.C. § 1951; and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). (Doc. Nos. 2223, 2304, 2305, 2943 in Case No. 3:09cr00240). Through the Plea Agreement, the Government agreed to dismiss the two remaining counts against the Petitioner, and the parties contemplated cooperation by the Petitioner potentially leading to a Government motion for a reduced sentence for substantial assistance. (Id.) At the subsequent sentencing hearing, on November 4, 2013, Judge Nixon granted the Government's motion for a substantial assistance reduction, and accepted the parties' recommendation that the Petitioner be sentenced to a total term of 180 months of imprisonment. (Doc. Nos. 2477, 2480, 2481, 2944 in Case No. 3:09cr00240). The record indicates that no appeal was taken.

## III. Analysis

A. The Section 2255 Remedy

28 U.S.C. Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected:

(a) A prisoner in custody under sentence of a court established by Act of Congress

---

[1] After filing his *pro se* Motion To Vacate in this case, the Petitioner filed a Motion To Amend 28 U.S.C. § 2255f (3) which was docketed as Case No. 3:16cv1458. By Order entered December 6, 2016 (Doc. No. 16), Judge Nixon determined that the issues presented in the Petitioner's Motion To Amend were subsumed in this case, and consolidated Case No. 3:16cv1458 with this case. Accordingly, the requests for relief made in Case No. 3:16cv1458 are denied and dismissed through this Memorandum Opinion and accompanying Order.

> claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In order to obtain relief under Section 2255, the petitioner must demonstrate constitutional error that had a "'substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Hamblen v. United States, 591 F.3d 471, 473 (6th Cir. 2009)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

The court should hold an evidentiary hearing in a Section 2255 proceeding where a factual dispute arises, unless the petitioner's allegations "'cannot be accepted as true because they are contradicted by the record, inherently incredible, or [are] conclusions rather than statements of fact.'" Ray v. United States, 721 F.3d 758, 761 (6th Cir. 2013)(quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)). In addition, no hearing is required where "the record conclusively shows that the petitioner is entitled to no relief." Arredondo, 178 F.3d at 782 (quoting Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996)). See also Fifer v. United States, 660 F. App'x 358, 359 (6th Cir. Aug. 22, 2016).

Having reviewed the pleadings, briefs and records filed in Petitioner's underlying criminal case, as well as the pleadings, briefs and records filed in this case, the Court finds that it need not hold an evidentiary hearing in this case to resolve the Petitioner's claims. The record conclusively establishes that the Petitioner is not entitled to relief on his claims for the reasons set forth herein.

B. Johnson v. United States

Through his pending claim, the Petitioner contends that his sentence should be vacated based on the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015). In Johnson, the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA provides for a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The statute goes on to define "violent felony" as follows, with the residual clause set forth in italics:

> (2) As used in this subsection–
>
> * * *
>
> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

(emphasis added).

Several courts have applied the Johnson decision to invalidate the identically-worded portion of the definition of "crime of violence" set forth in the career offender Sentencing Guideline.[2] See,

---

[2] Prior to August 1, 2016, Sentencing Guideline Section 4B1.2(a), the career offender guideline, defined "crime of violence" as follows, with the residual clause set forth in italics:

e.g., United States v. Pawlek, 822 F.3d 902 (6th Cir. 2016). Relying on this reasoning, the Petitioner argues that the Johnson decision invalidates his sentence because the career offender guideline's residual clause was applied to him. In the absence of the residual clause, the Petitioner contends, his Hobbs Act conspiracy offense does not otherwise satisfy the "crime of violence" definition, and he no longer qualifies for the career offender enhancement.

In its Response, the Government argues that the Petitioner's claim is dependent on the outcome of the Supreme Court's decision in Beckles, supra.

In Beckles v. United States, 137 S. Ct. 886 at 895, the Supreme Court held that the Johnson decision does not extend to the definitions in the Sentencing Guidelines because the Sentencing Guidelines are advisory, and therefore, not subject to a vagueness challenge under the Due Process clause. See Harris v. United States, 686 F. App'x 345, 348 (6th Cir. 2017)(Applying Beckles to affirm the dismissal of the petitioner's Section 2255 motion to vacate). Thus, even if the Petitioner's

---

(a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

(emphasis added).

Amendment 798 to the Sentencing Guidelines, which became effective on August 1, 2016, deleted the residual clause portion of the definition and replaced it with language that enumerates specific offenses.

conviction for Hobbs Act conspiracy qualified as a "crime of violence" under the career offender guideline's residual clause, Beckles holds that application of the guideline's residual clause was not unconstitutional. The Petitioner has not suggested a basis for distinguishing the decision in Beckles, nor has he asserted an alternative basis upon which to vacate his sentence. Accordingly, the Petitioner's Motions To Vacate are denied.

## IV.  Conclusion

For the reasons set forth herein, the Court concludes that the Petitioner's request for Section 2255 relief should be denied. Accordingly, this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum, and accompanying Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. § 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
Chief United States District Judge